UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
────────────────────────────────────────x

CHRISTOPHER DEFRANCIS and
SUELLEN DEFRANCIS,

       Plaintiffs,

   -against-                             05 Civ. 7086 (CM)(GAY)

MVP HEALTH PLAN, INC.,

       Defendant.

────────────────────────────────────────x

MEMORANDUM DECISION AND ORDER DISMISSING ACTION
AND DENYING LEAVE TO AMEND THE COMPLAINT

McMahon, J.:

    Christopher De Francis was employed by Prestige Auto Group as an auto mechanic. He was insured through defendant MVP Health Plan, Inc.

    The plan provides as follows:

> MVP will not pay for any services, professional or otherwise, which were not medically necessary and which were not provided, arranged or authorized by your primary care physician or with appropriate authorization by MVP, except in the event of a medical emergency (see Section Seven) or where otherwise specifically provided in this Contract.

    In or about September 2001, DeFrancis noticed numbness and weakness in his left hand. He sought medical treatment from various doctors in the MVP provider network. After his condition worsened, his primary care physician, Dr. Anderson, referred DeFrancis to two in-network neurosurgeons. Neither could see DeFrancis for several weeks. Dr. Anderson had opined that plaintiff needed immediate surgical intervention, so plaintiff consulted an out of network neurosurgeon, Dr. Gamache.

    Dr. Gamache told plaintiff he had Spinal Decompression, for which two surgical procedures were available – posterior approach and anterior approach. Dr. Gamache recommended that plaintiff have posterior surgery, which is far less frequently performed but also is less invasive and would have led to a dramatically shorter recuperative period. Dr. Gamache notified MVP of his findings and recommended immediate surgical intervention.

Plaintiff asked MVP to approve treatment by Dr. Gamache for the condition. MVP declined on the ground that plaintiff could obtain treatment from in-network providers. The in-network neurosurgeons, Drs. Kahn and Aguilar, confirmed that surgery was required but recommended the more invasive but far more common anterior approach.

Plaintiff – faced with the choice of more invasive surgery that was covered by his insurance or less invasive surgery that was not – elected to be treated out-of-network by Dr. Gamache. Because MVP declined coverage, plaintiff's sister, plaintiff SuEllen DeFrancis, paid his $50,000 in medical bills on plaintiff's behalf.

On June 24, 2005, plaintiffs commenced this action against MVP in Westchester County Supreme Court. They sought damages for breach of contract, breach of fiduciary duty and negligence, as well as a declaration that MVP is required to pay for the cost of plaintiff's surgery.

MVP removed the action to this Court, pursuant to 28 U.S.C. § 1441, on federal question grounds.

Having removed the action, MVP moved to dismiss the complaint, on the basis that all of plaintiffs' claims were preempted by ERISA. Additionally, MVP asserts that SuEllen DeFrancis lacks standing to assert any claims against MVP.

Plaintiffs cross-move for partial summary judgment on the issue of liability. Plaintiffs do not attach a Rule 56.1 statement to their motion papers, but do attach an attorney's affidavit, which is not accepted as evidence in this district. Omnipoint Commc'n, Inc. v. Common Council of Peekskill, 202 F.Supp.2d 210, 213 (S.D.N.Y. 2002) ("An attorney's affidavit which is not based upon personal knowledge of the relevant facts should be accorded no weight on a motion for summary judgment.") (citing Wyler v. United States, 725 F.2d 156, 160 (2d Cir. 1983)). Despite the fact that plaintiff's papers are patently defective, because plaintiff has moved for summary judgment, I elect to treat defendant's motion as one for summary judgment as well. Fed. R. Civ. P. 56(c).

Defendant's motion is granted. Plaintiff's cross-motion is denied as moot.

## DISCUSSION
*Removal Was Proper*

Defendant removed this action to this Court by asserting that federal question jurisdiction exists. Plaintiff pleaded only state law causes of action. However, in Metropolitan Life Insurance Company v. Taylor, 481 U.S. 58 (1987), the United States Supreme Court held that state law claims sounding in breach of contract and tort were completely preempted by Section 502(a) of the Employee Retirement Income Security Act (ERISA), which provides beneficiaries and participants of ERISA-regulated employee benefits plans with a federal claim to enforce

ERISA's substantive rights. In her opinion for a unanimous Court, Justice O'Connor noted that when Congress "so completely pre-empts a particular area....any civil complaint raising something falling within this select group of claims is necessarily federal in character." Id., at 64-65. For this reason, plaintiff's purportedly state law claims are in fact federal claims under Section 502(a) and, as so recharacterized, were properly removed to this court.

*Claims By Christopher DeFrancis*

Because removal was effected by re-characterizing plaintiffs' state law claims as federal claims, defendant's motion to dismiss Christopher DeFrancis's claims, as originally briefed, makes no sense. MVP asks the Court to dismiss his claims because they are state law claims and are completely pre-empted by ERISA. But only because I could recharacterize those state law claims as federal in nature was MVP able to remove the case in the first place. Therefore, it is not appropriate for this court to dismiss the complaint on the ground of ERISA preemption – at least, not without giving plaintiff leave to recast them in explicitly federal terms in an amended pleading.

But in this case, defendant asserts – and plaintiff Christopher DeFrancis admits – that allowing the complaint to be amended would be futile because DeFrancis failed to exhausted the administrative appeals that are a precondition to suit in timely fashion. Here, MVP is on firmer ground.

Timely exhaustion of administrative remedies is a prerequisite to suit under ERISA. In almost every case, suit is barred if the plan member fails to exhaust. Kennedy v. Empire Blue Cross & Blue Shield, 989 F. 2d 588, 594 (2d Cir. 1993). Where, as here, a plaintiff fails to allege exhaustion of administrative remedies (and, indeed, plaintiff admits not having exhausted them), a district court must dismiss the complaint – and so should not grant leave to amend. Klecher v. Metro. Life Ins. Co., 331 F. Supp. 2d 279, 284-85 (S.D.N.Y. 2004).

A plaintiff will be excused from the exhaustion requirement only if he makes a clear and positive showing that pursuit of administrative remedies would have been futile. Kennedy, supra., 989 F. 2d at 594. Christopher DeFrancis's showing falls well short of the mark.

First, he complains that there "was simply not enough time based upon medical necessity to have brought an administrative claim prior to the performance of the posterior surgical procedure." (Pl. Mem. At 10). But nothing in the Plan requires plaintiff to bring his administrative claim prior to receiving service. In most of the ERISA cases that come to this court, the plan member who was denied benefits took an administrative appeal after receiving treatment.

Second, plaintiff argues that "It is inconceivable that MVP would have reversed itself" on the point. I agree that reversal is unlikely. However, neither plaintiff's speculation nor mine meets the requisite standard. If the original decision were accepted as evidence of futility, the appeal process and the exhaustion requirement would be rendered nullities.

3

meets the requisite standard. If the original decision were accepted as evidence of futility, the appeal process and the exhaustion requirement would be rendered nullities.

Because plaintiff has not alleged exhaustion of administrative remedies, and cannot now exhaust them[1], leave to amend would indeed be futile. Christopher DeFrancis's claims are dismissed, with prejudice.[2]

*SuEllen DeFrancis' Claims*

SuEllen DeFrancis, Christopher's sister, stood surety for him to induce Dr. Gamache to perform the operation and paid her brother's extensive medical bills. Her behavior is admirable, and I wish there were something I could do for her. Unfortunately, there is not. Ms. DeFrancis is not a participant or a beneficiary under the Plan, so it owes her no duty and she has no claim of any sort against MVP – federal or state. Amendment of her claims, too, would be futile. Her claims are dismissed with prejudice.

This constitutes the decision and order of the Court. The Clerk of the Court is directed to deny plaintiff's cross-motion as moot, and to close the file.

Dated: November 1, 2005

_____
U.S.D.J.

BY FAX TO ALL COUNSEL

---

[1] According to the Plan Document, which is attached to the affidavit of Henry Greenberg as Ex. C, an external appeal of denial of benefits must be requested in writing within 45 days of notice from MVP of the final adverse determination at the first appeal level. (Ex. C. At 34). Plaintiff was denied coverage prior to his surgery, which the complaint alleges took place on June 26, 2003.

[2] While it is not necessary to reach MVP's alternative argument, the plain language of the Subscriber Agreement makes it completely clear that MVP is not required to provide coverage for an out-of-network operation when network providers are able to treat the condition. That plaintiff preferred the surgical procedure used by the out-of-network provider to the one championed by the network provide is of no moment. A network neurosurgeon could have treated plaintiff's condition. MVP did not authorize plaintiff's surgery with Dr. Gamache. And plaintiff's condition, while fairly described as acute, does not qualify as a "medical emergency" within the meaning of Section Seven of the Subscriber Agreement, so out-of-network coverage is not afforded on that ground.

4